IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CV RESTORATION, LLC,
   *Plaintiff*,

   v.

DIVERSIFIED SHAFTS
SOLUTIONS, INC.,
   *Defendant*.

Civil Action No. ELH-16-2102

## MEMORANDUM

CV Restoration, LLC ("CVR"), plaintiff, filed suit against defendant, Diversified Shafts Solutions, Inc. ("DSS"), on June 14, 2016.  ECF 1.  CVR alleges breach of contract, unjust enrichment, and breach of fiduciary duty arising out of two written agreements that plaintiff alleges the parties executed in August 2009.  *Id.* ¶¶ 26-41.  Plaintiff seeks to recover, among other things, $338,310 and requests an accounting.  *Id.* ¶¶ 41-46.

DSS asserted counterclaims against CVR, alleging, *inter alia*, breach of contract and requesting an accounting.  ECF 8 ¶¶ 59-65, 76-81.  Count 1 of the counterclaim seeks attorneys' fees.  In an "Amended Answer, Defenses, and Counterclaim" filed on September 23, 2016 (ECF 15, "Amended Counterclaim"), DSS also seeks attorneys' fees.  *Id.* ¶¶ 55-58 (Count 1).

CVR has moved to dismiss Count 1 of the Amended Counterclaim (ECF 21), in which DSS seeks attorneys' fees.  CVR also filed a memorandum of law in support of its motion to dismiss.  ECF 21-1 (collectively, the "Motion").  DSS opposes the Motion.  ECF 24 ("Opposition").  CVR has not replied, and the time for doing so has passed.  *See* Local Rule 105.2(a).

No hearing is required to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Motion.

# I.     Background

I incorporate the factual and procedural history set forth in my Memorandum of November 10, 2016.  ECF 27.  I repeat and amplify the facts to the extent relevant and necessary.

CVR is a Maryland limited liability company that "develops, manufactures, markets and distributes axles and their related components for all-terrain vehicles . . . ."  ECF 1 ¶¶ 1, 3.  DSS is a Georgia corporation that oversees the manufacture, marketing, and distribution of axles for all-terrain vehicles, and their related components.  ECF 1 ¶¶ 2, 4; ECF 15 ¶¶ 2, 4.

Plaintiff alleges (ECF 1 ¶¶ 6, 13) that on August 31, 2009, CVR and DSS entered into two agreements: "Limited Partnership Agreement for sales of ATV Axles" (*see* ECF 1-2) and "Partnership Agreement for Monster Axles."  *See* ECF 1-3 (collectively, the "Agreements"). According to plaintiff, "[t]he Agreements are substantively identical, and provide that CVR and DSS are forming a partnership for the manufacture and sale of ATV axles."  ECF 1 ¶ 14. Plaintiff avers that the gross profit from the "venture" was to be split "equally between" CVR and DSS.  *Id.*  ¶ 15.  However, plaintiff asserts that "DSS has continually and systemically breached the Agreements" by not remitting its share.  *Id.* ¶ 19.

On September 6, 2016, CVR, as counter-defendant, filed a motion to dismiss counts 1, 5, and 7 of DSS's counterclaim.  ECF 11 at 1 ("First Motion to Dismiss").  In its memorandum in support of the First Motion to Dismiss, CVR asserted that DSS failed to sufficiently state claims in its counterclaim for attorneys' fees (Count 1); fraud (Count 5); and punitive damages (Count 7).  ECF 11-1 at 5-10.

Then, on September 23, 2016, DSS responded in opposition to the First Motion to Dismiss (ECF 16) and submitted its Amended Counterclaim.  ECF.  DSS stated, in its opposition to the First Motion to Dismiss: "Upon further review, DSS agrees with Plaintiff's analysis of

DSS' fraud and punitive damages claims. In an effort to focus this lawsuit on the remaining claims, DSS narrowed the scope of issues before the Court." ECF 16 at 5.   Accordingly, DSS did not assert claims for fraud or punitive damages in its Amended Counterclaim.   *See* ECF 15.

However, DSS argued that Count 1, which seeks attorneys' fees, should not be dismissed. ECF 16 at 3-4.   Thus, DSS reasserted Count 1 in its Amended Counterclaim, with revisions.   *See* ECF 15 at ¶¶ 55-58; ECF 15-1 at 10-11 (redline).   In light of the Amended Counterclaim, by Order of September 28, 2016, I denied the First Motion to Dismiss as moot.   ECF 19.

Then, on October 7, 2016, CVR filed the Motion, arguing that DSS has failed to state a claim for attorneys' fees in the Amended Counterclaim.   ECF 21.   As noted, DSS filed its Opposition on October 24, 2016 (ECF 24) and CVR did not reply.

## II.        Standard of Review

CVR, as counter-defendant, seeks dismissal of Count 1 of the Amended Counterclaim filed by DSS as a counter-plaintiff.   Pursuant to Fed. R. Civ. P. 12(b)(6), CVR claims that Count 1 fails to state a claim upon which relief can be granted.

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6).   *Goines v. Valley Cmty, Servs, Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ____, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).   A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."   Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).   It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   The

purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d

473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 1960 (2012).

### III.     Discussion

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Under the so called "American Rule," "a prevailing party is not awarded attorney's fees 'unless (1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution.'" *Nova Research, Inc. v. Penske Truck Leasing Co.,* 405 Md. 435, 445, 952 A.2d 275, 281 (2008) (quoting *Thomas v. Gladstone,* 386 Md. 693, 699, 874 A.2d 434, 437 (2005)).

Both Maryland and Georgia follow the "American Rule." *See McCabe v. Daimler Ag*, No. 1:12-CV-2494-MHC, 2015 WL 11199196, at *6 (N.D. Ga. Aug. 19, 2015) (citing *Alford v. Citizens & S. Nat'l Bank*, 226 S.E. 2d 905, 908 (1976)) ("With regard to the award of attorneys' fees, Georgia courts follow the American rule which provides that each party is responsible for paying its own attorneys' fees, unless specific authority granted by statute or contract allows the

assessment of those fees against the other party."); *Nova Research, Inc., supra*, 405 Md. at 445, 952 A.2d at 281.

CVR contends that DSS has failed to state a claim upon which relief can be granted as to Count 1 of the Amended Counterclaim.  ECF 21.  The parties agree that because the case arises under the Court's diversity jurisdiction, 28 U.S.C. § 1332, the Court must look to the applicable state law.  ECF 21-1 at 4; ECF 24 at 2; *see, e.g.*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 77 (1938); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 74 (4th Cir. 2016); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).  The Court has not yet made a determination as to whether Georgia or Maryland law will apply, and need not do so here.[1]  In this case, DSS does not rely on a contract provision or a statute that provides for attorney's fees to the prevailing party.  Rather, it argues bad faith on the part of CVR.

At this juncture, dismissal of Count 1 is appropriate under both Maryland and Georgia law.  ECF 21-1 at 4-8.

## A.  Georgia Law

The parties appear to agree that the applicable Georgia statute governing attorneys' fees is § 13–6–11 of the Official Code of Georgia Annotated (the "Georgia Law" or "OCGA § 13–6–11").  ECF 21-1 at 7; ECF 24 at 2.  OCGA § 13–6–11 provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

According to the Supreme Court of Georgia, "'. . . § 13–6–11 does not create an independent cause of action. That statute merely establishes the circumstances in which a

---

[1] In its Opposition, DSS anticipated that my decision on the Motion to Transfer Venue (ECF 13) would decide the choice of law question.  ECF 24 at 2.  I have since ruled on the Motion to Transfer Venue, without deciding that question.  *See* ECF 27 at 13-15.

plaintiff may recover the expenses of litigation as an additional element of his damages.'" *Georgia Dep't of Corr. v. Couch*, 759 S.E. 2d 804, 810 (Ga. 2014) (quoting *Dep't of Transp. v. Fru-Con Constr. Corp.*, 426 S.E. 2d 905, 909 (Ga. Ct. App. 1992)) (alteration added).   Thus, as the Supreme Court of Georgia noted, "an award under OCGA § 13–6–11 must be based on 'conduct arising from the transaction underlying the cause of action being litigated, not conduct during the course of the litigation itself.'"  *Couch*, 759 S.E. 2d at 810 (quoting *David G. Brown, P.E., Inc. v. Kent*, 561 S.E. 2d 89, 90 (Ga. 2002)); *see also, e.g.*, *Candy Craft Creations, LLC v. Gartner*, No. 2:12-CV-91, 2015 WL 6391202, at *8 (S.D. Ga. Oct. 22, 2015) ("Georgia courts have repeatedly held that, when contemplating . . . attorneys' fees claims under O.G.G.A. § 13–6–11, the jury should not consider conduct during the litigation itself.").

Notably, the "'bad faith referred to in the [Georgia Law] is not bad faith in refusing to pay but bad faith in the transaction out of which the cause of action arises.'"  *Rosen v. Protective Life Ins. Co.*, 817 F. Supp. 2d 1357, 1383–84 (N.D. Ga. 2011) (quoting *Trickett v. Advanced Neuromodulation Sys., Inc.*, 542 F. Supp. 2d 1338, 1355 (S.D. Ga. 2008)), *aff'd sub nom. Rosen v. Am. Guarantee & Liab. Ins. Co.*, 503 F. App'x 768 (11th Cir. 2013); *see also Beacon Indus., Inc. v. Vanderbunt Concrete, Ltd.*, 323 S.E. 2d 871, 874 (Ga. Ct. App. 1984) ("The mere failure of a defendant to pay a claim does not constitute bad faith.").  Furthermore, "statutory recovery for stubborn litigiousness or causing unnecessary trouble and expense is authorized if there exists no bona fide controversy or dispute regarding liability for the underlying cause of action."  *David G. Brown, P.E., Inc.*, 561 S.E. 2d at 90–91.

### B.  Maryland Law

In Maryland, the award of attorneys' fees is governed by Md. Rule 1-341(a).  It provides, *id.* (emphasis added):

> In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding *was in bad faith or without substantial justification*, the court, on motion by an adverse party, may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorneys' fees, incurred by the adverse party in opposing it.

The Maryland Court of Appeals has said: "'In bad faith' means vexatiously, for the purpose of harassment or unreasonable delay, or for other improper reasons." *Inlet Assocs v. Harrison Inn Inlet, Inc.*, 324 Md. 254, 268, 596 A.2d 1049, 1056 (1991); *accord State v. Braverman*, 228 Md. App. 239, 262, 137 A.3d 377, 390, *cert. denied sub nom. Goldberg v. State*, 450 Md. 115, 146 A.3d 469 (2016). "A party lacks substantial justification to maintain or defend a proceeding when it has no 'reasonable basis for believing that the claims would generate an issue of fact for the fact finder.'" *Braverman*, 228 Md. App. at 260, 137 A.3d at 389 (quoting *Inlet Assocs.*, 324 Md. at 268, 596 A.2d at 1056 (1991)).

## C.  Analysis

CVR argues that DSS has not stated a plausible claim for relief under OCGA § 13–6–11 or Md. Rule 1-341(a).  ECF 21-1 at 6-8.  According to CVR, the facts alleged by DSS in its Amended Counterclaim "establish only that (1) CVR failed to pay money it owed to DSS and (2) CVR and DSS disagree over whether or not the money is in fact owed." *Id*. at 7.  CVR adds, *id*. at 8: "DSS's counterclaim alleges, at most, a mere failure to pay."

According to CVR, that the allegations in the Amended Counterclaim "establish (again, at best) a dispute between two commercial parties over the enforceability of two contracts."  ECF 21-1 at 6.  Moreover, CVR asserts: "DSS has offered no facts from which this Court could infer that CVR's position is patently frivolous and would amount to a serious abuse of judicial process."  *Id.* (internal quotations omitted).  CVR adds, *id*. at 7: "DSS has not offered a single fact to support its assertion that this is anything other than an ordinary commercial dispute."

Thus, CVR posits: "DSS would have this Court infer bad faith from an ordinary contract dispute. The Court should decline DSS's invitation; if bad faith is present here, it exists in every commercial contract dispute." *Id.* at 6.

DSS counters that "the factual allegations in DSS' counterclaim sufficiently plead that CVR acted in bad faith in the underlying transaction giving rise to DSS' counterclaims." ECF 24 at 3. According to DSS, it has alleged, in its Amended Counterclaim, that "despite attempts to resolve the issues related to the transaction, CVR has refused to remit payment for the products it took possession of or to return the products to DSS." *Id.* DSS contends, *id.*: "The counterclaim alleges that in bad faith, CVR requested that DSS design and produce specific axles, and only after DSS had done so, CVR refused to pay for them." Thus, DSS argues, *id*. at 3-4: "Taken with the allegation of bad faith in Paragraph 58, these factual allegations sufficiently plead a claim for attorney's fees . . . ."[2]

In my view, DSS has failed to allege facts sufficient to state a plausible claim for attorneys' fees based on bad faith or lack of substantial justification for the suit. As stated, to find bad faith a plaintiff has to show more than a mere failure to pay money due under a contract. *See Rosen*, 817 F. Supp. 2d at 1383–84. As CVR notes, the most that can be gleaned from the Amended Counterclaim is that DSS claims that CVR owes money to DSS and that CVR disputes that claim. ECF 15 at ¶¶ 51-54.

DSS's bald assertion that "[p]laintiff has acted in bad faith" (*id.* ¶ 58) is not sufficient to satisfy the pleading requirements of Rule 12(b)(6). As stated, to satisfy Rule 12(b)(6), the complaint "requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555.

---

[2] DSS does not actually contest CVR's Motion under Maryland law. Instead, DSS states, ECF 24 at 4: "If the Court decides to deny the Motion to Transfer, Count 1 is moot, as Maryland does not require a party to specially plead and submit a prayer for attorney's fees in order to seek them."

In light of the foregoing, DSS has not stated a plausible claim for attorneys' fees under OCGA § 13–6–11 or Md. Rule 1-341(a).

### IV.   Conclusion

For the foregoing reasons, I shall GRANT the Motion to Dismiss (ECF 21) Count 1 of the Amended Counterclaim (ECF 15 at ¶¶ 55-58), without prejudice.[3]  An Order consistent with this Memorandum follows.


Date:   December 1, 2016                               _____/s/_____
                                                       Ellen L. Hollander
                                                       United States District Judge

---

[3] This Memorandum obviously does not address prospective conduct.